# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CUSTOM SERVICE PLASTICS, INC.,**
      **Plaintiff,**

v.                                                                          Case No. 20-C-1109

**CMTEK, INC., f/k/a CAMTEK, INC., et al.,**
      **Defendants.**

## ORDER

The plaintiff filed a complaint in this court that alleges federal jurisdiction exists under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. However, the complaint appears not to comply with Civil Local Rule 8, which provides as follows, with emphasis on the relevant passage:

> If a pleading or notice of removal asserts jurisdiction based on diversity of citizenship, the pleading or notice must identify the amount in controversy and the citizenship of each party to the litigation. If any party is a corporation, the pleading or notice must identify both the state of incorporation and the state in which the corporation has its principal place of business. *If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members.*

One of the defendants, Zentech Bloomington LLC, appears to be a limited liability company, as that's what "LLC" in the name of a business usually stands for. However, the complaint alleges that this entity is a corporation and identifies its state of incorporation and principal place of business, rather than the citizenship of its members. The plaintiff must either (1) confirm that, despite its name, Zentech Bloomington LLC is organized as a corporation rather than a limited liability company, or (2) amend its complaint to reflect that Zentech Bloomington LLC is a limited liability company and allege the citizenship of all members of the limited liability company. The plaintiff is advised that,

1

if any member of Zentech Bloomington LLC is also a limited liability company or other unincorporated association, then it must identify the members of the latter entities, too. *See, e.g., Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

Accordingly, **IT IS ORDERED** that this case will be dismissed for lack of subject matter jurisdiction unless, on or before **August 6, 2020**, the plaintiff either confirms that Zentech Bloomington LLC is a corporation rather than a limited liability company or amends its complaint to identify the citizenship of all members of the limited liability company.

Dated at Milwaukee, Wisconsin, this 23rd of July, 2020.

s/Lynn Adelman
LYNN ADELMAN
District Judge

2

Case 2:20-cv-01109-LA   Filed 07/23/20   Page 2 of 2   Document 2